**Martin MASON, Plaintiff—Appellant,**

v.

**EQUITABLE; et al., Defendants,**

and

**Business Men's Assurance Company of America, Defendant—Appellee.**

No. 02–56384.

D.C. No. CV–99–08883–NMM.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 9, 2003.*

Decided Oct. 14, 2003.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

pos**976**

Before BRUNETTI, T.G. NELSON, and SILVERMAN, Circuit Judges.

MEMORANDUM **

Appellant, Martin Mason, appeals the district court's granting of summary judgment in favor of Business Men's Assurance Company of America (BMA). We have jurisdiction pursuant to 28 U.S.C. § 1291, and affirm the district court's ruling.

In the previous appeal in this case, we held that the district court properly reviewed the determination of the plan administrator for an abuse of discretion. *Mason v. Equitable*, 32 Fed.Appx. 289, 291 (9th Cir.2002). That is the law of the case and we decline the invitation to re-visit that decision. *See Hegler v. Borg*, 50 F.3d 1472, 1475 (9th Cir.1995), *cert. denied*, 516 U.S. 1029, 116 S.Ct. 675, 133 L.Ed.2d 524 (1995).

We also concluded previously, under effectively identical policy language and evidence submitted, that Equitable's denial of Mason's claim for total disability benefits was not an abuse of discretion. We held, "We agree with the district court's conclusion that even assuming some exposure to some chemicals may be necessary to perform his occupation, Mason provided no competent admissible medical evidence that the type of chemicals he would be exposed to pose any greater risk of causing cancer or its recurrence in him than such exposure would in the population at large. The district court acted within its discretion in rejecting the report from Dr. Brautbar and the medical opinion of Dr. Neustein on the basis of their lack of reliability and relevancy...." *Mason* at 292. Because we held that the *previously* submitted medical evidence lacked reliability and relevancy pursuant to *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), and because no *additional* relevant evidence was presented as against BMA, summary judgment for BMA was properly granted.

AFFIRMED

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3.